IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| ANTHONY DZURICKY, ) | |
| ) | |
| Plaintiff ) | 1:24-CV-00243-RAL |
| ) | |
| vs. ) | |
| ) | RICHARD A. LANZILLO |
| ) | Chief United States Magistrate Judge |
| MELISSA BRADLEY, JOHN/JANE DOE, ) | |
| SUPERVISOR ECAPPD, ) | MEMORANDUM OPINION ON |
| ) | DEFENDANT'S MOTION TO DISMISS |
| Defendants ) | |
| ) | |
| ) | RE: ECF NO. 17 |
| ) | |

Defendant Melissa Bradley ("Bradley") has moved under Fed. R. Civ. P. 12(b)(6) to dismiss all claims of Plaintiff's Complaint. *See* ECF No. 17. For the following reasons, Defendant's motion will be GRANTED.[1]

I.   Procedural History

Plaintiff Anthony Dzuricky ("Dzuricky"), formerly an inmate at the Erie County Prison ("ECP"), brings this pro se action against Erie County Probation Officer Melissa Bradley and a John/Jane Doe Supervisor of the Erie County Adult Probation Department. *See* ECF No. 6. Bradley filed a motion to dismiss Dzuricky's Complaint (ECF No. 17) and a supporting brief (ECF No. 18). Dzuricky was ordered to file a brief in opposition by June 30, 2025. *See* ECF No. 19. On July 9, 2025, Dzuricky filed a motion to amend his complaint (ECF No. 20), which the Court denied based on his failure to attach a proposed amended complaint (ECF No. 21). On July 28, 2025, the Court ordered Dzuricky to show cause for his failure to file a brief in opposition to Bradley's pending motion. ECF No. 22. Dzuricky then moved for an extension of time to respond

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge as authorized by 28 U.S.C. § 636.

(ECF No. 23), which the Court granted, setting a new deadline for the brief of September 29, 2025 (ECF No. 24).

To date, Dzuricky has not filed a brief in opposition to the motion, requested a further extension, or offered any explanation for his noncompliance with the Court's orders. While the Court has discretion to dismiss Dzuricky's Complaint based on his failure to prosecute this action, it will address Bradley's motion on the merits.

II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations of the complaint and views them in a light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

While a complaint does not require detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported

by the facts alleged in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Finally, because Dzuricky is proceeding pro se, his Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the Court can reasonably read his pro se pleading to state a valid claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be unartfully drawn and should be read "with a measure of tolerance"). But "any pleading must still contain sufficient factual allegations that, when accepted as true, 'state a claim to relief that is plausible on its face.'" *Heffley v. Steele*, 2019 WL 5092127, at *4 (W.D. Pa. Oct. 11, 2019), *aff'd*, 826 Fed. Appx. 227 (3d Cir. 2020) (citations omitted).

III.   Factual Allegations[2] and Claims

On August 10, 2020, Dzuricky was charged with a DUI and driving with a suspended license. On September 9, 2021, Dzuricky pled guilty and received a sentence of two-years' probation to begin after a three-to-twelve-month confinement sentence. A state court judge revoked Dzuricky's probation several months later, and his original sentenced were reinstated. One year later, Bradley, Dzuricky's probation officer, detained him to answer for potential probation violations. During a parole revocation hearing conducted in January of 2022[3], Bradley testified that Dzuricky had minor behavioral infractions and misconducts while detained at ECP. Dzuricky alleges that this testimony was false in that he never received any infractions or misconducts at ECP and that the testimony caused the judge to order him to remain incarcerated pending a 60-day review. Dzuricky claims that, during a later hearing on his motion for humanitarian release,[4] Defendant Bradley admitted that "she had lied about Mr. Dzuricky being in any trouble while detained at Erie County Prison." *Id.*, ¶ 16.

Dzuricky's Complaint asserts the following claims:

1. Intentional infliction of emotional distress under Pennsylvania state tort law against Bradley;

2. Fourteenth Amendment violation of due process against Bradley;

---

[2] For purposes of the pending motion to dismiss, the Court accepts as true the factual allegations of the Complaint. The relevant factual allegations are set out at paragraphs 7-17 of Dzuricky's Complaint (ECF No. 6). Citations to the pleading are omitted except for quoted allegations.

[3] Dzuricky states that the revocation hearing occurred in January 2023 (ECF No. 6, ¶ 11), however, his public state court criminal docket reflects that the revocation hearing occurred a year earlier. *See* ECF No. 17-2, p. 7. Because the state court dockets are matters of public record, the Court may take judicial notice of them and the orders and fillings entered therein. *See, e.g., Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 722 (3d Cir. 2013); *United States v. Hoffert*, 2018 WL 4828628, at *1 (W.D. Pa. Oct. 4, 2018) ("[A] court may take judicial notice of relevant prior court orders, including orders in other cases.") (citing *Mina v. United States Dist. Court for E. Dist. of Penn.*, 710 Fed. Appx. 515, 517 n. 3 (3d Cir. 2017)).

[4] Dzuricky claims that this was an appeal hearing regarding his parole revocation. *See* ECF No. 6, ¶ 14. However, as shown by the indisputably authentic court documents attached to Defendant Bradley's motion to dismiss, the hearing was on Dzuricky's motion for humanitarian release. *See* ECF No. 17, *generally*.

4

3. Fourteenth Amendment abuse of process claim against Bradley;

4. Negligent hiring, supervision, and retention claim against Defendant John/Jane Doe; and

5. A *Monell* claim against John/Jane Doe.

In support of her motion to dismiss, Bradley argues that qualified immunity shields her from liability on Dzuricky's federal claims and that the Complaint fails to allege facts to support Dzuricky's state law claims.[5]

IV. Discussion

Dzuricky alleges that Bradley testified falsely at his state parole revocation hearing and that, because of this false testimony, the presiding judge continued his incarceration for a sixty-day review. This alleged conduct serves as the basis for Dzuricky's Fourteenth Amendment and state law claims against Bradley. Bradley argues that Dzuricky's claims under 42 U.S.C. § 1983 are barred by qualified immunity.[6] *See* ECF No. 17, *generally*. While Bradley correctly concludes that she is protected by immunity, it is absolute witness immunity that squarely applies to Dzuricky's allegations and claims. This immunity shields witnesses from civil liability for their testimony, even if that testimony is false or malicious. *See Briscoe v. LaHue*, 460 U.S. 325, 345

---

[5] Bradley also argues that Eleventh Amendment immunity bars Dzuricky's claims against individual defendants in their official capacity. The Complaint does not state whether Dzuricky is suing any defendant in her official capacity or individual capacity. To the extent the Complaint asserts a claim for damages against a defendant in her official capacity, the claim is barred because County probation and parole departments are state entities for purposes of Eleventh Amendment immunity. *See Haybarger v. Lawrence Cty. Adult Prob. and Parole*, 551 F.3d 193, 198 (3d Cir. 2008). Eleventh Amendment immunity, however, does not bar official capacity claims against government officials for prospective relief, such as injunctive or declaratory relief. *Ex parte Young*, 209 U.S. 123, 155-56 (1908). Although the Complaint includes such claims, the facts alleged therein fail to support any prospective relief.

[6] Whether a government official is entitled to qualified immunity turns on two separate but related issues: (1) whether the plaintiff has alleged sufficient facts to "make out a violation of a constitutional [or statutory] right," and (2) "whether the right at issue was clearly established at the time of [the] defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). This inquiry also leads to the dismissal of claims against Bradley, albeit via a less direct analysis than absolute witness immunity. No clearly established law supports a finding that a parole officer violates a parolee's constitutional rights by testifying at his parole revocation hearing regarding his conduct under supervision, even where such testimony is alleged to have been false, misleading, or incomplete.

(1983) (concluding that witnesses are absolutely immune from claims for damages based on testimony). The purpose of the immunity is to ensure that witnesses can testify without fear of reprisal. *Id.* It applies to a wide range of witnesses and testimony in official judicial proceedings, including the testimony of parole and probation officers in revocation proceedings. *See, e.g., Holmes v. Crosby*, 418 F.3d 1356, 1259-60 (11th Cir. 2005) (holding that a parole officer is entitled to absolute immunity from damages based upon testimony offered in a parole revocation hearing where the officer is acting within the scope of his duties); *Schlosser v. Kwak*, 2020 WL 4003502, at *10 (D. Conn. July 15, 2020) (noting that district courts have extended absolute immunity to government officials' testimony during probation revocation hearings); *Weikel v. Vorous*, 2018 WL 3866681, at *4 (D. Del. Aug. 14, 2018) ("To the extent Plaintiff's claims against [the parole officer] stem from her testimony at Plaintiff's revocation hearing, she is entitled to absolute witness immunity."); *Livingston v. Harrod*, 2009 WL 2485560, at *3 (W.D. Ky. Aug. 13, 2009) (noting that courts have extended absolute witness immunity to parole officers who testify at parole revocation hearings).

Because Dzuricky's federal claims against Bradley are based on her testimony at the parole revocation hearing, each is barred by absolute witness immunity and will be dismissed with prejudice. And because Dzuricky's Complaint fails to support a constitutional violation, his supervisory liability claim against the Doe Defendant and his claim under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978) also fail as a matter of law. *See Lansberry v. Altoona Area Sch. Dist.*, 356 F. Supp. 3d 486, 497 (W.D. Pa. 2018) (holding that an underlying constitutional violation is a prerequisite to a *Monell* claim); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010) (reasoning that a claim for supervisory liability "necessarily includes as an element *an actual violation* at the hands of subordinates" (emphasis added)).

Pennsylvania laws also recognizes witness immunity as a bar to civil liability based on allegedly false testimony. *See Panitz v. Behrend*, 429 Pa. Super. 273, 279, 632 A.2d 562, 565 (1993). Accordingly, Dzuricky's state law claims against Bradley are also barred and will be dismissed.[7]

V.   Conclusion

For the foregoing reasons, Defendant Bradley's Motion to Dismiss will be granted. Because amendment of the Complaint would be futile, all claims in this action will be dismissed with prejudice.

A separate order will follow.

DATED this 1st day of December 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[7] The Complaint also fails to state an intentional infliction of emotional distress claim. To state such a claim, the plaintiff must allege facts to support findings that (1) the defendant's conduct was "extreme and outrageous"; (2) the defendant's conduct was "intentional or reckless"; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the distress was "severe." *Madreperla v. Williard Co.*, 606 F. Supp. 874, 879-80 (E.D. Pa. 1985) (citing *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979)). Only behavior that is "beyond all possible bounds of decency," "atrocious," and "utterly intolerable in a civilized community" qualifies as "extreme and outrageous" for purposes of an intentional infliction of emotional distress claim. *Smith v. RB Distribution, Inc.*, 515 F. Supp. 3d 311, 315 (E.D. Pa. 2021) (citing *Hoy v. Angelone*, 456 Pa.Super. 596, 691 A.2d 476, 482 (1997), *aff'd* 554 Pa. 134, 720 A.2d 745 (1998); Restatement (Second) of Torts § 46, cmt. d (1965)). The facts alleged in the Complaint fail to satisfy this threshold for liability. *See Wooleyhan v. Cape Henlopen Sch. Dist.*, 2011 WL 1875710, at *20 (D. Del. May 17, 2011) (holding that allegedly false testimony is insufficient to support an intentional infliction of emotional distress claim). Finally, to the extent Dzuricky's claims against the Doe Defendant are not encompassed within Bradley's motion, those claims will be dismissed pursuant the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B).

7